IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| LORI S. MALCOM, | ) | |
| | ) | CASE NO. BK10-43769-TLS |
| Debtor(s). | ) | A11-4020-TLS |
| BENJAMIN ALAN NICHELSON, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| LORI SUE MALCOM, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the cross-motions for summary judgment by the plaintiff (Fil. No. 10) and the debtor-defendant (Fil. No. 11). Claude E. Berreckman, Jr., represents the debtor, and Amber L. Ackerson represents the plaintiff. Evidence and briefs were filed, and the motions were taken under advisement as submitted without oral arguments.

The motion is granted.

The parties were formerly married to each other. A decree of dissolution of their marriage was entered on October 27, 2009, by the District Court of Dawson County, Nebraska, in which the court found certain debt, namely loans owed to Cozad State Bank and American National Bank and debt owed to Bank of America VISA, to be the separate obligation of Ms. Malcom and ordered her to hold Mr. Nichelson harmless thereon. Mr. Nichelson subsequently paid $11,526.46 to Cozad State Bank and seeks the debt from discharge under 11 U.S.C. § 523(a)(15).[1] Each party has now moved for summary judgment.

---

[1] Section § 523(a)(15) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

. . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must examine the record to ascertain whether the movant, through depositions, answers to interrogatories, admissions, affidavits, and other evidence, has demonstrated the absence of a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006). If the movant has done so, then the non-moving party, bearing the burden of persuasion, must by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Id.* The court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue. *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943-44 (8th Cir. 2008).

The following facts are undisputed:

1. Cozad State Bank is now known as Homestead Bank.

2. Mr. Nichelson and Ms. Malcom entered into the promissory note at issue on October 25, 2007.

3. The note was for the principal amount of $16,052.00. Its stated purpose was "to pay off debt at First Bank & Trust and student loans." The collateral for the note was a 2000 Ford pickup truck that apparently was owned by Mr. Nichelson.

4. Mr. Nichelson and Ms. Malcom were married on June 28, 2008.

5. The marriage was dissolved on October 27, 2009.

6. No appeal was taken from the decree of dissolution.

7. Ms. Malcom made no payments on the promissory note.

8. Mr. Nichelson voluntarily paid the promissory note in full on or about September 30, 2010.

9. No debt was owed to Homestead Bank at the time of Ms. Malcom's Chapter 7 bankruptcy filing on December 20, 2010.

Ms. Malcom argues that the Dawson County District Court's finding that the debt was a non-marital debt owed by Ms. Malcom should be given no legal effect in the bankruptcy case because each party voluntarily obligated themselves to the bank prior to the marriage and did not incur any debt to the bank during the marriage. In other words, according to Ms. Malcom, the parties' respective obligations to the bank were determined prior to their marriage and cannot be altered by the dissolution decree, particularly when the state court expressly found the debt to be non-marital.

Ms. Malcom also attempts to distinguish this case from other § 523(a)(15) decisions because this involves a pre-marital debt.

> The dissolution decree states:
>
> (3) The following debts are non-marital debts:
> (A) Item 11 is the debt owed to the Cozad State Bank. The parties incurred this debt while cohabiting and as part of a larger plan to consolidate and pay pre-cohabitation debts, which includes Lori's student loan and debt she owed First Bank & Trust. The evidence establishes the debts consolidated into the first Cozad State Bank loan were debts Lori incurred prior to the cohabitation. After consideration of the evidence on this matter, the court finds that the debt owed to the Cozad State Bank is a non-marital pre-cohabitation debt of Lori and is her separate obligation.

Decree of Dissolution of Marriage, at 6 (Fil. No. 5).

The terms of the dissolution decree did not alter the parties' obligations on the promissory note. Rather, the decree created a new obligation on the part of Ms. Malcom to hold Mr. Nichelson harmless on the Cozad State Bank debt. That obligation is what is non-dischargeable under § 523(a)(15), so the fact the underlying note was a pre-marital debt is irrelevant.

> [I]n the case of an obligation to pay a debt owed to a third party, it is the obligation to hold the spouse or former spouse harmless that is presumptively nondischargeable under this section. *See* 140 Cong. Rec. H10752, H10770. "A property settlement incorporated by a divorce decree that apportions third party debt to one spouse means that the obligor-spouse indemnifies the obligee-spouse in the event that the obligee is required to pay." *In re Sturdivant*, 289 B.R. 392, 399 (citing *Johnston v. Henson (In re Henson)*, 197 B.R. 299, 303 (Bankr. E.D. Ark. 1996)). This is true even if there is no "hold harmless" language in the decree or complaint. *Johnston* at 303 (interpreting Arkansas law) (citing *Thomas v. Thomas*, 246 Ark. 1126, 443 S.W.2d 534 (Ark. 1969); *Gatlin v. Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (Ark. 1991); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. First Nat'l Bank*, 774 F.2d 909 (8th Cir. 1985)).

*Douglas v. Douglas (In re Douglas)*, 369 B.R. 462, 463-64 n.2 (Bankr. E.D. Ark. 2007); *see also Bryan Mem'l Hosp. v. Allied Prop. & Cas. Sur. Co.*, 163 F. Supp. 2d 1059, 1069 (D. Neb. 2001) ("[W]here benefits have been received and retained under such circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving and retaining the benefits to pay their reasonable value.").

Here, Ms. Malcom failed to uphold her indemnification obligation to Mr. Nichelson. He had to pay off the bank's debt himself to protect his vehicle and his credit rating. Accordingly, the amount paid by Mr. Nichelson is a non-dischargeable debt. Mr. Nichelson also asks for interest, costs, and attorney's fees. Federal Rule of Bankruptcy Procedure 7054(b) permits the court to allow

costs to the prevailing party except when a federal statute or the federal rules of procedure otherwise provide. The court's discretion in this regard is limited by 28 U.S.C. § 1920, which contains a list of taxable costs. *Williams v. Pillar Capital Holdings, LLC (In re Living Hope Sw. Med. Servs., LLC)*, ___ B.R. ___, 2011 WL 887968, at *17 (Bankr. W.D. Ark. Mar. 14, 2011). To the extent the plaintiff seeks to recover fees listed in § 1920, he may file a bill of costs. Attorney's fees incurred in litigating dischargeability issues are generally not recoverable in the absence of a contractual or statutory provision. *Siemer v. Nangle (In re Nangle)*, 281 B.R. 654, 657 (B.A.P. 8th Cir. 2002).

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 10) is granted. The debtor-defendant's motion for summary judgment (Fil. No. 11) is denied. Separate judgment will be entered.

DATED:  August 3, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Claude E. Berreckman, Jr.
    *Amber L. Ackerson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.